United States District Court
Southern District of Texas
**ENTERED**
May 18, 2026
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **JESSICA HAAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:26-CV-00087** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **RIO GRANDE VALLEY,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jessica Haas is an Assistant Professor of Counselor Education at Defendant University of Texas Rio Grande Valley's ("UTRGV") Brownsville, Texas campus. After UTRGV denied her request for tenure in August 2024, she sued the university in state court for unlawful employment discrimination. UTRGV then removed the case to federal court. Pending before the Court is Plaintiff Jessica Haas's Motion to Remand. (Dkt. No. 7). For the following reasons, the Court **DENIES** the Motion.

### I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and may only hear cases that present a federal question or satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332. If a case meets one of these two requirements for federal subject-matter jurisdiction, the defendant (or defendants) may remove the action from state to federal court. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

To determine whether federal subject-matter jurisdiction exists, courts examine the plaintiff's state-court petition as it stood at the time of removal. *Manguno*, 276 F.3d at 723. Therefore, to remove a case on federal-question grounds—as UTRGV has done here, (Dkt. No. 1 at 1)—the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The removing party bears the burden of establishing that subject-matter jurisdiction exists and that removal is proper. *Manguno*, 276 F.3d at 723. The removal statute is strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. *Id.*; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

## II.   DISCUSSION

In her remand motion, Haas asserts that UTRGV's removal was inappropriate because it "failed to cite a statutory basis for which allows for removal of this case." (Dkt. No. 7 at 2). According to her, UTRGV's failure to cite to Section 1331 is fatal. (*Id.* at 3). This, of course, is incorrect.

"Defects in the form or content of the removal papers are usually not jurisdictional and may be cured by amendment after removal." *Acosta v. Drury Inns, Inc.*, 400 F.Supp.2d 916, 922 (W.D. Tex. 2005) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979)). As long as the notice of removal contains a "short and plain statement of the grounds for removal" that "adequately inform[s] the plaintiff of the grounds for removal," a defendant satisfies their burden. 28 U.S.C. § 1446(a); *Ticer v.*

*Imperium Ins. Co.*, 20 F.4th 1040, 1045–46 (5th Cir. 2021) (also stating that "a detailed grounds setting forth basis for removal is not necessary").

UTRGV's notice of removal easily passes this test.  Haas's state-court petition brings claims "for unlawful employment discrimination and retaliation and seeks all available relief . . . as allowed by federal law."  (Dkt. No. 1-3 at 6).  As such, her claim arises under the laws of the United States—specifically the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII").  (*See id.* (citing 29 U.S.C. § 626(b), 42 U.S.C. § 20003-5(g), and 42 U.S.C. § 2000e-5(k)).  The notice of removal notes this and claims that "[Haas's] petition plainly raises federal questions" under the ADEA and Title VII.  (Dkt. No. 1 at 1).  While the notice does not cite to Section 1331, this defect is immaterial because the notice makes clear that removal is based on federal-question grounds.  Both Haas's original petition and UTRGV's notice of removal demonstrate that the Court has subject-matter jurisdiction over this case.  As such, Haas's Motion to Remand must be denied.

## III.    CONCLUSION

Considering the foregoing analysis, the Court **DENIES** Plaintiff's Motion to Remand.  (Dkt. No. 7).

Signed on May 15, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**